UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN HAWSE,

                              Plaintiff,

           v.                                                  9:22-CV-1297
                                                                     (MAD/MJK)

J. BOMBARD, et al.,

                              Defendants.
_____

APPEARANCES:

KEVIN HAWSE
Plaintiff, Pro Se
22-B-2636
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

HON. LETITIA JAMES                                  ANTHONY HUNTLEY, ESQ.
New York State Attorney General             Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

       Plaintiff Kevin Hawse commenced this action by filing a pro se complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, together with an application to proceed in forma pauperis ("IFP") and a motion for appointment of counsel.  Dkt. No. 1 ("Compl."); Dkt. No. 6

("IFP Application"); Dkt. No. 4 ("Motion for Counsel").  By Decision and Order entered on February 2, 2023, this Court granted plaintiff's IFP Application and, upon review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), found that certain claims against defendants Bombard, Cymbrak, and Corrections Officer John Doe survived sua sponte review.  *See* Dkt. No. 8 ("February 2023 Order").[1]

Following the close of discovery, plaintiff filed motion to amend and proposed amended complaint, along with a letter request for the Court to "consolodate [sic] [his] original civil rights complaint with [his] Motion to Amend" and appoint him counsel.  Dkt. No. 31 ("Motion to Amend"); Dkt. No. 31-1 ("Prop. Am. Compl."); Dkt. No. 36 ("Letter Request").  By Decision and Order entered on March 5, 2024, the Court denied the Motion to Amend and Letter Request and afforded plaintiff thirty (30) days to file a motion, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, to voluntarily dismiss this action without prejudice to him commencing a new action against all of the individuals that he believes were involved in the alleged wrongdoing that occurred on and around July 25, 2022.  Dkt. No. 37 ("March 2024 Order").[2]

Presently before the Court is a document filed by plaintiff captioned as "NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(i)" wherein plaintiff states, in one sentence, that he is "giv[ing] notice that [this action] is voluntarily dismissed without prejudice against the defendant(s)."  Dkt. No. 38 ("Request for Voluntary Dismissal").

---

[1] The Court dismissed plaintiff's remaining claims without prejudice, including his claims against the Superintendent of Clinton Correctional Facility, and denied the Motion for Counsel without prejudice.  February 2023 Order at 19-20.

[2] The procedural history leading up to the March 2024 Order was discussed at length in that Decision and Order and will not be restated herein.  *See* March 2024 Order at 1-3.

2

**II.     DISCUSSION**

Although plaintiff states that he is dismissing this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), that rule governs voluntary dismissals "before the opposing party either serves an answer or a motion for summary judgment[.]"  In this case, the defendants filed an answer to the complaint on April 5, 2023.  *See* Dkt. No. 15.  Accordingly, plaintiff's filing is governed by Federal Rule of Civil Procedure Rule 41(a)(2), which states, in relevant part, as follows: "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, [the] dismissal . . . is without prejudice."

"[T]he presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc*., No. 01-CV-9649, 2006 WL 3456521, at *2 (S.D.N.Y. Nov. 30, 2006) (internal quotation marks and citation omitted); *Paulino v. Taylor*, 320 F.R.D. 107, 109 (S.D.N.Y. 2017) ("The United States Supreme Court and the Second Circuit have recognized that 'starting a litigation all over again does not constitute legal prejudice.'" (quoting *D'Alto v. Dahon California, Inc*., 100 F.3d 281, 283 (2d Cir. 1996) (citing *Jones v. SEC*, 298 U.S. 1, 19 (1936))).

"The Second Circuit has set forth factors that are relevant to a district court's determination of whether a defendant would be prejudiced by dismissing an action, including: (1) plaintiff's diligence in bringing the motion; (2) any undue vexatiousness on plaintiff's part; (3) the extent to which the suit has progressed; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss." *Morehouse v. York*, No. 9:15-CV-0151 (GLS/DJS), 2016 WL 94252, at *2 (N.D.N.Y. Jan. 7, 2016) (citing *Zagano v.*

*Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)).

For the reasons discussed in the March 2024 Order, the Court finds that the balance of the *Zagano* factors and the interests of justice favor dismissal without prejudice. Accordingly, plaintiff's request to voluntarily dismiss this action without prejudice is granted.

### III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's Request for Voluntary Dismissal (Dkt. No. 38) is **GRANTED**; and it is further

**ORDERED** that this action is **DISMISSED without prejudice** to plaintiff commencing a new action against all of the individuals that he believes were involved in the alleged wrongdoing that occurred on and around July 25, 2022, should he wish to do so; and it is further

**ORDERED** that the Clerk shall enter Judgment dismissing this action without prejudice in accordance with this Decision and Order and close this case; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: April 10, 2024
      Albany, NY

_____
Mae A. D'Agostino
U.S. District Judge